UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEMARCUS T. YOUNG, #753683, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:17-cv-23 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| KENNETH MCKEE and DAVID LEACH, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING MOTION TO STRIKE AND GRANTING MOTION FOR SUMMARY JUDGMENT

This is a civil rights lawsuit brought by a prisoner. The magistrate judge issued a report (ECF No. 85) recommending Plaintiff's motion to strike (ECF No. 79) be denied and Defendants' motion for summary judgment (ECF No. 69) be granted. Plaintiff filed objections. (ECF No. 85.) The Court will adopt the report and recommendation.

### I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## II.

Plaintiff is the founder of a religion he calls Trution. The Michigan Department of Corrections (MDOC) has declined to recognize Trution as a religion. Accordingly, Plaintiff cannot have group services, Trution meals, or Trution-associated religious items. The magistrate judge addressed Plaintiff's claims brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and Defendants' request for qualified immunity.

### A. General Objections

Plaintiff begins with "general objections" and asserts other similar general objections throughout the document. Those general objections are not sufficiently specific to warrant review. "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan,* No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). The general objections are overruled.

### B. Qualified Immunity

The magistrate judge recommends finding that Plaintiff has not established a genuine issue of material fact for any of his RLIUPA, Free Exercise, or Equal Protection claims. The magistrate judge also recommends finding that Defendants are entitled to qualified immunity because Plaintiff cannot show that "Defendants were required to recognize Trution has a religion for the purposes of group services and to provide [Plaintiff] with his requested meal."

(R&R at 18 PageID.936.) Plaintiff objects, asserting that this statement mischaracterizes his claim. (Obj. PageID.954.) Plaintiff insists that he merely wants to practice his religion without a substantial burden on its vital tenets.

Assuming, for the sake of argument only, that Plaintiff could show some error in the proposed findings of fact or conclusions of law in the R&R that would require the Court to conclude that a genuine issue of material fact existed for one of his statutory or constitutional claims, the Court would still ultimately grant the motion for summary judgment. Plaintiff has not demonstrated that the law was so clearly defined that either Defendant would have known his conduct was unlawful. No clearly established precedent requires MDOC to recognize Trution as a religious group within the prison system. (*See* ECF No. 70-2 MDOC Policy Directive 05.03.150 ¶ K PageID.760.)

No clearly established precedent requires MDOC to allow religious practices when the prisoner making the claim is the founder of the religion from which the religious tenets arise. MDOC has established that such a situation presents security problems. (*See* MDOC Policy Directive 05.03.150 ¶ L.) Group worship under these circumstances would pose a security threat because it puts Plaintiff in a leadership role over other prisoners. That other prisoners may assist a chaplain is not the functional equivalent. Similarly, these same circumstances would functionally require prison officials to serve whatever food a prisoner wants whenever the prisoner wants to be served, so long as the prisoner asserts the food and the timing of its service is a requirement of his or her sincerely held religious belief.

## III.

The Court concludes Defendants are entitled to qualified immunity, assuming that they violated Plaintiff's statutory or constitutional right. Accordingly, the Report and Recommendation (ECF No. 85) is **ADOPTED** as the Opinion of this Court. Plaintiff's motion to strike (ECF No. 79) is **DENIED.** Defendants' motion for summary judgment (ECF No. 69) is **GRANTED.**

**IT IS SO ORDERED.**

Date: August 6, 2019            /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge